IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>ELIJAH C. AARON                       ) | Case No.: 2:06-cr-226-CSC |

**MOTION TO COMPEL OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

**COMES NOW** the Defendant, **Elijah C. Aaron**, by and through undersigned counsel, and moves this honorable Court to compel production of materials requested as discovery under Rule 16, Fed. R. Crim. P., Brady v. Maryland, and this Court's February 4, 1999, Standing Order on Criminal Discovery, or, in the alternative, to dismiss the indictment in this case. In support of this request Mr. Aaron submits the following:

**RELEVANT FACTS**

1.   On December 4, 2006, cocounsel Don Bethel and the undersigned conferred with Captain Neal Frazier by phone. At that time defense counsel asked whether the patrol car involved in the arrest of Mr. Aaron was equipped with a videocamera. Captain Frazier indicated that he did not know, but that he would find out.

2.   Further investigation led defense counsel to request additional items in a letter faxed to Captain Frazier on December 12. These included:

    a.   A renewal of the request for information concerning videotaping of the arrest;

    b.   Information regarding the procedures and methods used for diagnostic testing and calibration of the Breathalyzer used to take a breath sample from Elijah Aaron on July 25, 2006;

c. Any and all past and present results of diagnostic testing and/or calibration of the Breathalyzer used to take a breath sample from Elijah Aaron on July 25, 2006;

d. Any documentation on the operation and use of the Breathalyzer used to take a breath sample from Elijah Aaron on July 25, 2006;

e. The curriculum vitae of TSgt. Demond Smith, operator of the Breathalyzer used to take a breath sample from Elijah Aaron on July 25, 2006;

f. Any log books maintained contemporaneously with the Breathalyzer used to take a breath sample from Elijah Aaron on July 25, 2006;

g. The Breathalyzer test results of the 20 people who gave breath samples prior to Mr. Aaron's July 25, 2006, testing;

h. The Breathalyzer test results of the 20 people who gave breath samples after Mr. Aaron's July 25, 2006, testing;

i. Any photographs or pictures (including but not limited to 'booking photo') taken at the time of Mr. Aaron's stop, arrest, questioning or detention regarding the alleged July 25, 2006, DUI at Maxwell AFB;

j. The sales receipt tapes from the Class 6 liquor store for the evening of July 25, 2006;

k. Identification of the anonymous caller who phoned in the report of erratic driving;

k. Any call logs, transcriptions of phone calls, or any other information in the government's possession from or relating to the July 25, 2006, phone call, documenting the "anonymous" call, the location from which it originated,

        and/or the party calling;

    l.    The letter written by Ms. Savannah Harris, Mr. Aaron's companion at the time he was arrested, delivered to the security police shortly after the incident in July, documenting her observations of what had occurred, together with any notations or documentation concerning when it was received and by whom.

On the following day, December 13, counsel called to discuss these matters prior to the pretrial conference, but was informed that Captain Frazier was out of town for the entire week.

    3.    Counsel also called and spoke to A.U.S.A. Kent Brunson on the same date, December 13, to alert him to our request. He referred all matters to Captain Frazier and stated that he would be going out of town on the following day.[1]

    4.    On Tuesday, December 19, defense counsel called Captain Frazier three times to discuss the status of our request, but each time was told that Captain Frazier was in the office but unable to answer the phone. Our calls were never returned.

    5.    On Wednesday, December 20, defense counsel again called Captain Frazier. The call was taken by Captain Hansen. Defense counsel was informed that the case has been transferred to Lieutenant Reese Hays, but that Lieut. Hays will be out of town for training until Friday, December 22. Capt. Hansen said that she would attempt to put together the requested discovery, but that she also would be going out of town tomorrow, Thursday, December 21.

    6.    In none of the previous calls or communications prior to December 20 was counsel

---

[1] A pretrial conference was held on Friday, December 15, 2006. At that time, the undersigned brought to the Court's attention the pending discovery request and counsel's belief that the request would be complied with. Counsel had no reason to believe then that a motion to compel would be necessary to obtain the requested materials.

ever informed that the case had been transferred to another S.A.U.S.A.

## DISCUSSION

7.      Pursuant to Rule 16(a)(1)(E), Fed. R. Crim. P., "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of any these items, if the item is within the government's possession, custody, or control and: (1) the item is material to preparing the defense." This Court's February 4, 1999, Standing Order on Criminal Discovery further mandates the delivery to defense counsel of all material within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Giglio, 405 U.S. 150 (1972).

8.      If a dispute arises respecting discovery, the February 4, 1999, Standing Order requires parties to confer and attempt to resolve it among themselves without judicial intervention, if possible.

9.      As outlined above, defense counsel has made a good faith effort to resolve discovery issues with the government. The government has failed to comply with Rule 16 and this Court's Standing Order on Criminal Discovery. Therefore, the defense moves to compel or, in the alternative, to dismiss the indictment against Mr. Aaron.

10.     Federal Rule of Criminal Procedure 16(d) addresses the issue of a party's failure to comply with a discovery request. It says, in pertinent part, that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection, . . . or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). The court sanction, in certain circumstances, may take the form of an Order of Dismissal. United States v. White, 846 F.2d 678 (11th Cir.1998). Furthermore, the district court's decision concerning the imposition of a Rule 16(d)(2) sanction is a matter committed to the court's sound discretion, and will not be disturbed on

appeal absence an abuse of discretion. United States v. Fernandez, 780 F.2d 1573, 1576 (11th Cir. 1986).

11. In formulating the appropriate sanction against the government for discovery violations, the court must look at: (1) the circumstances surrounding the discovery violation, (2) whether the government was acting in good faith, (3) the prejudice suffered by the defendant and (4) the feasibility of curing the prejudice through some form of sanction. United States v. Turner, 871 F.2d 1574, 1580. (11th Cir. 1989). After reviewing these factors the court may order dismissal of the indictment if it deems the circumstance warrants it. United States v. White, 846 F.2d 678, 693 (11th Cir.1998).

12. The discovery materials requested to be produced, pursuant to Rule 16, the Court's Standing Order on Criminal Discovery, the Order of Arraignment of November 8, 2006, and the holdings of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Giglio, 405 U.S. 150 (1972); and Kyles v. Whitley, 514 U.S. 419 (1995), are within the possession, custody or control of the Government. Because undersigned counsel has not received the discovery, she cannot (1) effectively represent and communicate with her client, (2) perform her duty as an officer of the court, (3) adequately prepare pretrial motions and case strategy, and (4) comply with the briefing and trial schedule set forth in the November 8, 2006, Arraignment Order.

13. The government has made the decision to pursue criminal charges against Mr. Aaron. It is, therefore, their burden and their responsibility to comply with the rules and law that govern their prosecution. The government also has the duty, along with defense counsel, to confer before the pretrial conference to resolve any discovery deficiencies, if possible. Their failure to inform defense counsel of changes in representation and to produce the requested materials has seriously hindered further investigation on Mr. Aaron's behalf and makes dismissal of the indictment an

appropriate sanction in this case.

    Dated this 20th day of December 2006.

                          Respectfully submitted,

                          s/ Anne E. Borelli
                          ANNE E. BORELLI
                          Assistant Federal Defender
                          201 Monroe Street, Suite 407
                          Montgomery, Alabama 36104
                          Phone: (334) 834-2099
                          Fax: (334) 834-0353
                          E-mail:anne_borelli@fd.org
                          AL Bar Code: BOR -016

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No.: 2:06-cr-226-CSC |
| ) | |
| ELIJAH C. AARON ) | |

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent Brunson, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104, and Captain Neal B. Frazier, Lieutenant Reese Hays, and Captain Hansen, Special Assistant United States Attorneys, 42 ABW/JA, 50LeMay Plaza South, Maxwell AFB, AL 36112-6334.

                                         Respectfully submitted,

                                         s/ Anne E. Borelli
                                         ANNE E. BORELLI
                                         Assistant Federal Defender
                                         201 Monroe Street, Suite 407
                                         Montgomery, Alabama 36104
                                         Phone: (334) 834-2099
                                         Fax: (334) 834-0353
                                         E-mail: anne_borelli@fd.org
                                         AL Bar Code: BOR 016