IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 2:06-cr-226-CSC |
| | ) | |
| **ELIJAH C. AARON** | ) | |

**GOVERNMENT RESPONSE MOTION TO COMPEL DISCOVERY AND MOTION TO DISMISS**

**COMES NOW** the United States, pursuant to Rule 16, *Federal Rules of Criminal Procedure*, and your discovery request. What follows is the discovery items requested that are in the possession of the government concerning defendant Elijah C. Aaron. Enclosed:

1. On September 27, 2006, counsel for the defendant was sent a laundry list of items which included all of the discoverable items requested that are in the possession of the government.

2. On December 12, 2006 the government was in receipt of a list of items which the defense believed were in the possession and/or control of the government. Additionally, on December 20, 2006, Capt Laura Hansen was in contact with Assistant Federal Defender Anne E. Borelli and advised her that she would recheck the government's file and with the Security Forces division to determine whether the items Ms. Borelli wanted were in the government's possession. Furthermore, the government received Ms. Borelli's motion to compel discovery that same day which gave the government little or no time to respond to her verbal request earlier that day.

3. Through a short phone call with the Alabama Department of Forensic Science, it was determined the proper venue for Ms. Borelli to make the request of for items numbered 2b, 2c, 2d, 2f, 2g, and 2h is their department who is the custodian of all of the records requested. According to the Alabama Department of Forensic Science, the records are available for inspection only at their storage location.

4. Through a recheck of our files and with Air Force Security Forces we have found the following to be true:

    a. The government has provided to Ms. Borrelli proof of TSgt Demond Smith's certification to operate the Draeger Alcohol Breath Testing Instrument on the document entitled Certificate of Breath Alcohol Analysis from the Alabama Department of Forensic Sciences. All other evidence of certification and training is irrelevant because TSgt Demond Smith only performed the administration of the breath test.

    b. Additionally, there were not any photographs or videos taken of the incident or the defendant.

    c. The government is unable to provide a sales receipt from the Class Six Liquor Store without a transaction number of the purchase which is requested.

    d. The anonymous reporter of the incident still remains anonymous and unknown to the government. Thusly we are unable to provide the identity of the anonymous person who did not identify themselves to the Air Force Security Forces.

   e. The government is unable to provide "any call logs, transcripts of phone calls, or any other information in the government's possession from or relating to the July 25, 2006, phone call, documenting the "anonymous" call, the location from which it originated, and/or the party calling." The reason the government is unable to provide any such items is because according to the AF Form 3545A, that was provided to the defense in the initial discovery request, indicates "an individual [who] wished to remain anonymous entered the Maxwell LED" to make the report in person and not via a telephone. Additionally, there are no records documenting the report made by the anonymous person.

   f. Lastly, the government is unaware of any letter written by Ms. Savannah Harris and this is the first we have heard of any letter written by this individual.

 5. The government has complied with Rule 16(a)(1)(E), Fed. R. Crim. P., by "permit[ing] the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects…or copies of portions of any these items, if the item is within the government's possession, custody, or control and: (1) the item is material to preparing the defense." Furthermore, the government has complied with this Court's February 4, 1999, Standing Order on Criminal Discovery by delivering to the defense counsel all of the material within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio*, 405 U.S. 150 (1972). All of the items requested are not in the possession or control of the government or have already been provided to the defense on September 27, 2006.

6.  The defendant has clearly come to the erroneous conclusion the government has in its possession the items requested and has maliciously withheld these items from them. As previously indicated, the government is unable to provide the defendant with any of the items requested because they do not exist or the United States government is not the custodian of such items. This erroneous conclusion seems to be the basis of this motion before the Court.

7.  However, once the government was made aware of additional request we diligently started to research the location and/or existence of the items requested. However, defense counsel did not provide an ample amount of time for a response prior to her filing of the motion to compel. Additionally, the government had previously provided all of its discoverable information and items prior to the hearing on December 8, 2006. For these reasons, the sanction of dismissal requested by defense counsel is unwarranted in this situation.

Dated this 22nd day of December 2006.

s/Reese H. Hays III
REESE H. HAYS III
Special Assistant United States Attorney

42 ABW/JA
50 LeMay Plaza South
Maxwell AFB AL  36112-6334
(334) 953-2786/2789

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:06-cr-226-CSC** |
| | ) | |
| **ELIJAH C. AARON** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Anne E. Borelli, Assistant Federal Defender, 201 Monroe St., Suite 407, Montgomery, Alabama, 36104

    Respectfully submitted,

    s/Reese H. Hays III
    REESE H. HAYS III
    Special Assistant United States Attorney

    42 ABW/JA
    50 LeMay Plaza South
    Maxwell AFB AL  36112-6334
    (334) 953-2786/2789